UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HAROLD JEAN-BAPTISTE,

                    Plaintiff,

          -against-

ZAHRA SMITH,

                    Defendant.

23-CV-10466 (JGK)

ORDER OF DISMISSAL

JOHN G. KOELTL, United States District Judge:

     The plaintiff, Harold Jean-Baptiste, paid the relevant fees
to bring this pro se action under the Court's federal question
jurisdiction. The Court dismisses the complaint for the reasons
set forth below.

### STANDARD OF REVIEW

     The Court has the authority to dismiss a complaint, even
when the plaintiff has paid the filing fee, if it determines
that the action is frivolous, Fitzgerald v. First E. Seventh
Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam)
(citing Pillay v. INS, 45 F.3d 14, 16-17 (2d Cir. 1995) (per
curiam) (holding that the Court of Appeals has inherent
authority to dismiss a frivolous appeal)), or that the Court
lacks subject matter jurisdiction. The Court is obliged,
however, to construe pro se pleadings liberally, Harris v. Mills,
572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the
"strongest [claims] that they suggest," Triestman v. Fed. Bureau

of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The plaintiff, Harold Jean-Baptiste, a resident of Queens County, New York, filed this complaint against Zahra Smith, a resident of New York County, New York. According to the plaintiff, he and the defendant "had a brief friendly relationship . . . for close to two years." Id. ¶ 9. The complaint provides the following factual allegations.[1]

> The plaintiff brings this action individually and on behalf of himself on Zahra Smith conspire with Pearl Rosalind Smith to use her Linkedin and Gmail account as a tool to commit a violation of the law to discriminate, Human Rights and federal laws violation, to get the plaintiff fired from his employer. The actions of the defendant defame the character of the plaintiff and hinder the future ability for employment. The plaintiff brings this action seeking injunctive, declaratory and monetary relief against defendants in violation of Civil Rights, Constitutional Rights, federal laws, Human Rights and cruel behavior. Plaintiff suffered severe abuse in whole by Zahra Smith since May 1, 2018 to May 25, 2019 for adverse treatment.

Id. ¶ 2.

> The plaintiff further alleges that the defendant:

> is [a] malignant sadistic psychopath who simply find joy in hurting/harming/destroying people lives. Plaintiff is alleging because the plaintiff discovered [Defendant] participated in many lesbian sexual relationships and a shameful secret family group sexual relationship with her

---

[1] The Court quotes the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise indicated.

homosexual brother, developed anger and rage because of the
humiliation of the discovery of the allege[d] lesbian
relationships and family sexual secret. The defendant
developed a strategy to abuse the plaintiffs Civil Rights
to sabotage the plaintiff career from May 1, 2018 to May
25, 2019. Zahra Smith used the trusting friendship of the
plaintiff to extract knowledge of employment of the
plaintiff and contacted the employer to sabotage the
plaintiff's lucrative career.

Id. ¶ 9.

The plaintiff asserts claims under 42 U.S.C. § 1985(3), §
1986, and 28 U.S.C. § 4101(1); he further asserts claims of
defamation and "lack care of duty," and he seeks more than $5
million for his "emotional distress." Id. at 5.

### DISCUSSION

**A.   Conspiracy claims**

The plaintiff asserts conspiracy claims under 42 U.S.C.
§ 1985 and 42 U.S.C. § 1986. To state a conspiracy claim under
42 U.S.C. § 1985(3), a plaintiff must allege facts that
plausibly show that there exists: (1) a conspiracy; (2) for the
purpose of depriving the plaintiff of the equal protection of
the laws, or the equal privileges or immunities under the laws;
(3) an overt act in furtherance of the conspiracy; and (4) an
injury to his person or property, or a deprivation of his right
or privilege as a citizen of the United States. Thomas v. Roach,
165 F.3d 137, 146 (2d Cir. 1999). "[T]he [§ 1985(3)] conspiracy
must also be motivated by some racial or perhaps otherwise
class-based, invidious discriminatory animus behind the

3

conspirators' action." Id. (internal quotation marks and
citation omitted). Vague and unsupported assertions of a
conspiracy claim under § 1985(3) will not suffice. See, e.g.,
Wang v. Miller, 356 F. App'x 516, 517 (2d Cir. 2009) (summary
order); Webb v. Goord, 340 F.3d 105, 110-11 (2d Cir. 2003).

Section 1986 provides a remedy against individuals who
"kn[ew] of and ha[d] the ability to aid in preventing a section
1985 conspiracy . . . [and] decline[d] to take steps preventing
that conspiracy. . . ." Wahad v. FBI, 813 F. Supp. 224, 232
(S.D.N.Y. 1993); see Section 1986. Claims under this section are
only valid "if there is a viable conspiracy claim under section
1985." Gagliardi v. Vill. of Pawling, 18 F.3d 188, 194 (2d Cir.
1994).

Although section 1985 "may include conspiracies by private
actors," Maldonado v. Maldonado, No. 19-CV-7047, 2020 WL 999871,
at *2 (E.D.N.Y. Mar. 2, 2020), the plaintiff's allegation that
that the defendant "conspire[d] with Pearl Rosalind Smith" to
"use her Linkedin and Gmail account as a tool to" discriminate
against the plaintiff, id. ¶ 2, is vague and unsupported. The
plaintiff does not allege that the defendant was motivated by
racial or class-based, invidious discriminatory animus, nor does
he plausibly show the existence of a conspiracy to deprive him
of the equal protection of the laws, or the equal privileges or
immunities under the laws, or an overt act in furtherance of a

4

conspiracy. The Court therefore dismisses these claims, and thus, the plaintiff's remaining section 1986 claims, for failure to state a claim on which relief may be granted.

**B.   Defamation claim**

Defamation is a matter of state law that does not implicate any federal question. Sadallah v. City of Utica, 383 F.3d 34, 38 (2d Cir. 2004). There is no federal cause of action for defamation because one's reputation is not a right, privilege, or immunity protected by the Constitution or laws of the United States. Paul v. Davis, 424 U.S. 693, 711-13 (1976) ("stigma" to reputation, by itself, is not a liberty interest sufficient to invoke the Due Process Clause); Valmonte v. Bane, 18 F.3d 992, 1001 (2d Cir. 1994) ("[D]efamation is simply not enough to support a cognizable liberty interest."). The federal statute cited by the plaintiff, 28 U.S.C. § 4101(1), governs the recognition of foreign defamation judgments in domestic courts, but it does not create a federal cause of action for defamation.

Accordingly, the plaintiff's claim arising under section 4101(1) is dismissed for failure to state a claim on which relief may be granted.

**C.   Supplemental jurisdiction**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C.

§ 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction[.]" Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims the plaintiff may be asserting. See Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173 (1997)).[2]

## D.   Denial of leave to amend

District courts generally grant a pro se plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. See Hill v. Curcione, 657 F.3d 116, 123–24 (2d Cir. 2011); Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in

---

[2]  There are no allegations in the complaint suggesting that the court has diversity of citizenship jurisdiction of this matter. See 28 U.S.C. § 1332 (providing that to establish jurisdiction under section 1332, a plaintiff must allege that the plaintiff and the defendant are citizens of different states, and that the claim is in excess of the sum or value of $75,000.00).

the plaintiff's complaint cannot be cured with an amendment, the Court declines to grant the plaintiff leave to amend his complaint.

## E.   Litigation history and warning

A review of PACER shows that the plaintiff has filed at least 40 pro se civil actions and appeals in federal courts around the country; he has been granted leave to proceed in forma pauperis ("IFP") in some cases, and paid the fees in others. See, e.g., Jean-Baptiste v. Almonte Stream Food Corp., No. 23-CV-1384, 2023 WL 2587668, at *1 (E.D.N.Y. Mar. 21, 2023) (listing cases). The plaintiff is already enjoined from filing any further actions in the Eastern District of New York, regardless of whether he pays the fees or seeks leave to proceed IFP without first obtaining leave of court. See Jean-Baptiste v. United States Dep't of Justice, No. 23-CV-6297, 2023 WL 6587958, at *2 (E.D.N.Y. Oct. 10, 2023), appeal pending (2d Cir.). The plaintiff has previously been warned in this court that further meritless litigation could result in an order barring him from filing new actions IFP without prior permission. See 28 U.S.C. § 1651. See Jean-Baptiste v. United States, ECF 1:22-CV-8318, 11 (S.D.N.Y. Mar. 6, 2023).

It is further noted that the plaintiff has filed prior complaints asserting similar claims to those set forth in this complaint, that were dismissed for failure to state a claim and

for lack of subject matter jurisdiction. See, e.g., Jean-Baptiste v. United States Dep't of Justice, No. 23-CV-1897, 2023 WL 5694526, at *4 (S.D.N.Y. Apr. 24, 2023) (dismissing claims under section 1985 and 1986 because "[n]othing in the facts alleged suggest that any individual engaged in a conspiracy to deprive Plaintiff of his federally protected rights.") appeal pending, No. 23-1064 (2d Cir.); Jean-Baptiste v. Montway LLC, No. 22-CV-5579, 2022 WL 11213581, at *2 (E.D.N.Y. Oct. 19, 2022) (dismissing claims under section 1985 and 1986 for failure to state a claim, and state law negligence claims for lack of subject matter jurisdiction); Jean-Baptiste v. Booz Allen Hamilton, No. 22-CV-1499 (D.D.C. Sept. 21, 2022) (dismissing defamation claim because "the law does not create a federal cause of action for domestic defamation suits), rev'd on other grounds, No. 22-7128 (D.C. Cir. June 2, 2023).

In light of the plaintiff's litigation history, this Court finds that the plaintiff was or should have been aware when he filed this action that the complaint fails to state any viable claims falling within the court's subject matter jurisdiction. See Sledge v. Kooi, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent pro se litigant may be charged with knowledge of particular legal requirements). The plaintiff is warned that further litigation lacking in merit in this Court could result in an order barring the plaintiff from

filing new actions, regardless of whether he pays the fees or seeks IFP status, unless he receives prior permission. See 28 U.S.C. § 1651.

## CONCLUSION

The plaintiff's complaint is dismissed for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to exercise its supplemental jurisdiction to consider any state law claims.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated: New York, New York
       December 11, 2023

JOHN G. KOELTL
United States District Judge